IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN KEDNEY, Individually and on behalf of all others similarly situated, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION: 1:19-00913-KD-N |
| SOUTHERN RESPONSE SERVICES, INC., *et al.*, Defendants. | ) ) ) ) | |

## ORDER

This matter is before the Court on the Plaintiffs' motion to strike the Defendants' affirmative defenses (Doc. 18), Plaintiffs' Response (Doc. 22), and Defendants' Reply (Doc. 23).

This is an FLSA action, filed as a potential collective action, for unpaid overtime compensation and declaratory/other relief, 29 U.S.C. § 216(b). (Doc. 1). Defendants' Answer (Doc. 13 at 7-10) contains 17 defenses. Plaintiffs request that this Court strike six (6) defenses: the Fifth (waiver/estoppel); Seventh (liquidated damages as not appropriate because there was no bad faith, malice or oppression); Eighth (liquidated damages as not appropriate because they did not willfully violate the FLSA); Thirteenth (failure to mitigate); Fifteenth (entitlement to a credit/set off for any money loaned or advanced to plaintiffs that was not repaid); and Seventeenth (reservation of rights). As grounds, Plaintiffs contend that these affirmative defenses are not recognized as valid defenses under the FLSA and/or that Defendants' bare bones allegations are insufficient to meet Rule 8's pleading standard. (Doc. 18 at 2).

At the outset, Defendants have agreed to withdraw the affirmative defenses of waiver, failure to mitigate, and credit/offset, but argue that the Seventh Defense (lack of bad faith, malice,

1

oppression), Eighth Defense (willfulness), and Seventeenth Defense (reservation or rights) "should be considered as denials[]" instead of affirmative defenses. (Doc. 22 at 4, 6-7). Defendants seek leave of Court to file an amended answer to cure same which is **GRANTED.**

This leaves the affirmative defense of estoppel, listed in Defendants' Fifth Defense. Rule 12(f) of the *Federal Rules of Civil Procedure* provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." However, a motion to strike is a drastic remedy which is disfavored by the courts and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *See, e.g., Augustus v. Bd. of Public Instruction of Escambia County, Fla.,* 306 F.2d 862, 868 (5th Cir.1962); *Story v. Sunshine Foliage World, Inc.,* 120 F.Supp.2d 1027, 1030 (M.D.Fla.2000); *Seibel v. Society Lease, Inc.,* 969 F.Supp. 713, 715 (M.D.Fla.1997); *Poston v. American President Lines, Ltd.,* 452 F.Supp. 568, 570 (S.D.Fla.1978). District courts have "broad discretion in disposing of motions to strike." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.,* 419 F.Supp. 992, 1000 (M.D.Fla.1976). Striking an affirmative defense is proper only when the defense is insufficient as a matter of law. *Id.* "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D.Fla.2002). Under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense; rather, the pleading need only give fair notice of the defense (so that opposing parties may respond, undertake discovery and prepare for trial). *See, e.g., APR Energy, LLC v. Pakistan Power Resources, LLC,* Slip Copy, 2009 WL 93061, *1 (M.D.Fla. Jan. 14, 2009). The fair notice pleading requirement is met if the defendant sufficiently articulates the defense so

that the plaintiff is not a victim of unfair surprise. *See, e.g.,* [Woodfield v. Bowman, 193 F .3d 354, 362 (5th Cir.1999)](#).

Plaintiffs contend that estoppel is not a valid affirmative defense to an FLSA claim, citing case law from non-binding circuits. In response, Defendants explain that estoppel is an appropriate defense in *this* FLSA case when, *as here,* the employee "affirmatively misleads" the employer. See, e.g., Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972);[1] McGlothan v. Walmart, 2006 WL 1679592, *2 (M.D. Fla. June 14, 2006); Judkins v. Bloomen Intern., Inc., 2010 WL 2510665, *4 (M.D. Fla. June. 21, 2010). Defendants assert in response to the motion to strike:

> The evidence (which Defendants will soon provide to Plaintiff) will establish that Plaintiff worked for Southern Response Services for a total of nine days and that he was paid based upon time records that Plaintiff himself irrefutably confirmed through his signature on his time records.....Therefore, he should be estopped from claiming that he worked any number of hours different from that which he represented by way of his signature to Southern Response Services as having worked.

(Doc. 22 at 5).

Even so, as explained in Curry v. High Springs Family Practice Clinic and Diagnosis Ctr., Inc., 2008 WL 5157683, *4 (N.D. Fla. Dec. 9, 2008):

> To meet the *Brumbelow* and *McGlothan* exceptions in this case, the Defendants would need to allege enough facts so that the Plaintiffs had notice of the estoppel defense. ....The Defendants allege in their Fourth Affirmative Defense that the Plaintiff "improperly reported her hours of work." .... This statement appears to meet the exception, especially when the affirmative defense is read in the light most favorable to the Defendants. It seems plausible that the Defendants could prove facts that would meet the estoppel exception. As pled, this defense puts the Plaintiff on adequate notice of what the Defendants intend to prove, and it is not insufficient as a matter of law. Therefore, the Court denies the motion to strike Defendants' Fourth Affirmative Defense.

---

1 Decisions of the Fifth Circuit rendered on or before the close of business on September 30, 1981 are binding precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

Defendants' Fifth Defense, for estoppel, states only that: "Defendants affirmatively plead...estoppel to Kedney's claims for uncompensated straight time and overtime." (Doc. 13 at 8). In their Answer, Defendants do not allege estoppel facts, much less facts suggesting Kedney affirmatively mislead the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours. It is only in response to the motion to strike that Defendants allege such. Upon consideration, the court finds that while the Fifth Defense for estoppel under the FLSA is deficient as currently alleged in the answer, the facts alleged in the response are sufficient. Defendants are given leave to amend their answer to reflect the facts supporting their estoppel as set forth in the response.

Accordingly, it is **ORDERED** that Plaintiffs' motion, as to Defendants' affirmative defenses of waiver, failure to mitigate, and credit/offset, is **MOOT**. The motion as to estoppel is **DENIED**. Additionally, Defendants' Seventh, Eighth and Seventeenth Defenses are construed as denials, and Plaintiffs' motion is **MOOT** as to same. Moreover, it is **ORDERED** that Defendants are **GRANTED LEAVE** to file, on or before **February 28, 2020**, an Amended Answer.

**DONE** and **ORDERED** this the **14th** day of **February 2020.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**