IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN KEDNEY, Individually and on behalf of all others similarly situated, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION: 1:19-00913-KD-N |
| SOUTHERN RESPONSE SERVICES, INC., *et al.*, Defendants. | ) ) ) ) | |

## ORDER

This matter is before the Court on the parties' Rule 41(a)(1)(A)(ii) stipulation to dismiss this case without prejudice. (Doc. 29). ***The parties' stipulation does not indicate whether a settlement has been reached.***

This is an FLSA action, filed as a potential collective action, for unpaid overtime compensation and declaratory/other relief, 29 U.S.C. § 216(b). (Doc. 1). As set forth by this Court in Goldsby v. Renosol Seating, LLC, 294 F.R.D. 649, 657-658 (S.D. Ala. Oct. 11, 2013):

> ...Rule 41(a)(1)(A)(ii) .... provides for voluntary dismissal by the plaintiff without a court order by filing a "stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ P. Rule 41(a)(1)(A)(ii). Some courts have recognized this method for dismissal without prejudice of a FLSA action. Appleby v. Hickman Const., Inc., 2013 WL 1197758 (N.D.Fla. Mar.25, 2013) (slip copy) ("Where the parties stipulate to dismissal *without* prejudice, the plaintiff is not foreclosed from refiling any FLSA claim at a later time, and thus, such a stipulated dismissal remains self executing without contravening the FLSA") (citing Perez–Nunez v. N. *658 Broward Hosp. Dist., 609 F.Supp.2d 1319, 1320–21 (S.D.Fla.2009)) (italics in original); Caban v. Installation and Service Technologies, Inc., 2009 WL 4730537, *5 (M.D.Fla. Dec. 4, 2009) (recommending dismissal without prejudice where court had not reviewed the fairness of an oral settlement agreement and stating that "the dismissal cannot be with prejudice on that basis alone.").
>
> However, some courts have found that FLSA claims cannot be dismissed in this manner because Rule 41(a)(1) states that a stipulation under that rule is "[s]ubject

to ... any applicable federal statute" such as the FLSA. See *Santos v. Gomez, LLC, 2013 WL 4523492 (M.D.Fla. Aug. 26, 2013)* (slip copy) ("If plaintiff's Notice of Dismissal With Prejudice [pursuant to Rule 41(a)(1)(A)(ii) ] is the product of a settlement, the Court must be notified and must review the terms of the proposed settlement. If not, and plaintiff has just decided to dismiss her case without consideration from defendants, plaintiff can simply tell the Court that no settlement is involved. The Federal Rules of Civil Procedure do not overrule the FLSA's substantive requirement of a court-approved settlement."). The district court in *Wolinsky v. Scholastic, Inc.,* 900 F.Supp.2d 332 (S.D.N.Y.2012) was confronted with a possible Rule 41(a)(1) voluntary dismissal and reasoned as follows:

> Finally, it bears noting that while Scholastic's letter says nothing on the subject, the Agreement itself contains a clause providing that if "the Court refuses to accept this Agreement on a confidential basis, the parties agree in the alternative to dismissal of the litigation via stipulation pursuant to Federal Rule of Civil Procedure 41." Voluntary dismissal by the plaintiff without a court order under Rule 41(a)(1), however, is subject to "any applicable federal statute," Fed.R.Civ.P. 41(a)(1), and as discussed above, the FLSA does not allow an employee to waive or otherwise settle a claim for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised stipulated settlement. There may be circumstances in which voluntary dismissal of an FLSA claim without a court order is proper, but to allow it in the present circumstances—where the parties have reached a settlement agreement—would permit an end run around the FLSA's judicial-supervision requirement. Accordingly, the Court concludes that the parties in this case may not stipulate to dismissal of the case without a court order pursuant to Rule 41(a)(1). Instead, the case "may be dismissed at the plaintiffs request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2).

*Id. at* 340–341.[FN9]

> [FN9]  A different result was reached in *Acosta v. United Temps, Inc.,* 2012 WL 3038167, *2 (M.D.Fla. July 16, 2012)*. The district court, citing *Anago Franchising, Inc. v. Shaz LLC,* 677 F.3d 1272 (11th Cir.2012), recognized that courts in that district had dismissed FLSA cases on joint stipulation of dismissal "without determining whether the parties' settlement is fair and reasonable" but noted "that a defendant who exacts a compromise of a plaintiff's FLSA claim and does not obtain approval of the settlement from the Department of Labor or the court acts at his own peril because the settlement is unenforceable."

This leads the Court to the second option presented by the joint stipulation: That the Court may treat the stipulation as plaintiffs' motion pursuant to Rule 41(a)(2) for dismissal on "terms that the court considers proper." However, this option calls upon the Court to consider the circumstances surrounding the plaintiffs' dismissal without prejudice in order to determine what terms of dismissal are proper. *See In re Family Dollar FLSA Litigation,* 2012 WL 370068 (W.D.N.C. Feb. 3, 2012) (allowing plaintiff to be dismissed from the litigation without prejudice pursuant to Rule 41(a)(2) upon finding that "Plaintiff indicated her desire to withdraw from this litigation, due to the birth of her son").

As such, the parties are **ORDERED** to file, on or before **April 14, 2020**, a Supplement to Doc. 29 indicating whether the stipulation is filed pursuant to a settlement agreement. If so, the Court must approve the settlement via the processes provided in *Lynn's Food Stores, Inc. v. United States ex rel. Dep't of Labor, Emp. Standards Admin., Wage & Hour Div.,* 679 F.2d 1350 (11th Cir.1982).

**DONE** and **ORDERED** this the **7th** day of **April 2020.**

/s/Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**